FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 SEP 24  PM 4:06

LORETTA G. WHYTE
    CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL TAYLOR** | * CIVIL ACTION NO. |
| **VERSUS** | * JUDGE |
| **LIFE SERA, INC. AND XYZ INSURANCE COMPANY** | * MAGISTRATE |

### NOTICE OF REMOVAL
### (28 U.S.C. §§ 1332, 1441 and 1446(a), (b))

**NOW COMES**, Life Sera, Inc. ("Life Sera"), alleged in plaintiff's Petition For Damages to be a foreign corporation (and which is actually a domiciliary of the State of Delaware) and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, now removes this action to this, the United States District Court for the Eastern District of Louisiana, which is the judicial district in which this action is presently pending, and avers as follows:

   1.   Plaintiff has alleged (a) that he is a Louisiana domiciliary, (b) that defendant is not a Louisiana domiciliary, and (c) thus, the existence of complete diversity between plaintiff and defendants.

   2.   Although as a matter of Louisiana procedural law, and specifically, La. C.C.P. Art. 893, plaintiff could not plead the amount of damages for which he seeks recovery, plaintiff

Fee $350
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

Page 1

described the damages for which he seeks recovery to include,

    a) past physical pain, suffering and discomfort;
    b) past mental anguish, aggravation, annoyance and stress;
    c) disability;
    d) future physical pain, suffering and discomfort;
    e) future mental anguish, aggravation, and annoyance;
    f) past medical expenses;
    g) future medical expenses;
    h) past lost wages;
    i) future lost wages;

based upon the following alleged actions and/or inactions of Life Sera which plaintiff contends caused him to suffer the following injuries:

    a) failure to clamp Petitioner's I.V. during the donation of blood causing a chemical to back flow into the I.V. and into Petitioner's body;
    b) failure to identify the chemical;
    c) failure to observe reasonable care;
    d) failure to attend to an unsafe condition that they knew or should have known about;
    e) failure to provide immediate assistance and medical care to plaintiff;
    f) inattention to a potential plasma donation hazard;
    g) presenting an unreasonable and foreseeable risk of harm to plasma donation patients; and
    h) other negligence which may be proven at a trial of this matter;

and that his damages are sufficient to establish his right to trial by jury in/and jurisdiction of a Louisiana District Court (for which, pursuant to La. C.C.P. Art. 1732, the threshold requirement for a trial by jury is in excess of $50,000.00, exclusive of interest and costs) as a result of alleged negligence on the part of defendant by allegedly introducing to plaintiff, during the

process of a blood plasma donation, an unknown foreign substance. See Petition ¶¶ III, IV, V, VI, and IX.

**3.**     Considering these allegations in their totality, and the fact that the plaintiff did not stipulate to the contrary in his Petition, it is "facially apparent" that the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of interest and costs, necessary for this Court to exercise diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332; and as heretofore set forth, the other requirements for the exercise of such jurisdiction by this Court have been met – both as alleged in plaintiff's Petition and as a matter of fact and law. *See* Felton v. Greyhound, 324 F.3d 771, 773-774 (5th Cir. 2003); Clayton v. American, 466 F.Supp 2d 720, 722 (M.D. La. 2006). *See also* Bullock v. United Ben. Ins. Co., 165 F. Supp. 2d 1255, 1258-1259 (M.D. Ala. 2001): "Because plaintiff has asked for an unspecified amount of damages, [defendant] must only show that the amount in controversy more likely than not exceeds the jurisdictional requirement" (citation omitted).

**4.**     Removal of this action to this Court is proper under 28 U.S.C. §1441(a) and (b) because there is complete diversity of citizenship between plaintiff and defendants and the amount-in-controversy threshold has been satisfied and this Court, therefore, would have had jurisdiction over this matter under 28 U.S.C. §1332 had the action been brought in this Court originally.

**5.**     This Notice of Removal is timely because it has been filed within thirty (30) days after August 24, 2007 – the date of service of process on Life Sera – and within one year of the commencement of the action.

6.      Life Sera files herewith copies of all process, pleadings and orders served on it in this action as Exhibit "A" *in globo*.

Respectfully submitted,

BY: _____
MICHAEL J. VONDENSTEIN, T.A., #13116
JOSEPH L. SPILMAN, III, #17813
Attorneys for Life Sera, Inc.
**HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**
One Galleria Boulevard, Suite 1400
Metairie, Louisiana 70001
Telephone:   (504) 836-6500
Fax:               (504) 836-6565
E-mail:  mvondens@hmhlp.com

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing pleading has been served on counsel of record for all parties to this proceeding, by depositing same in the United States mail, properly addressed, first-class postage prepaid, on this 24th day of September, 2007.

_____
MICHAEL J. VONDENSTEIN
(La. Bar Roll No. 13116)

Page 4